IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC C. LLOYD, | § | |
| | § | No. 260, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1710006739 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 13, 2022
Decided: September 22, 2022

Before , **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

On this 22nd day of September 2022, upon consideration of the parties' briefs, and the record on appeal, it appears to the Court that:

(1) The Defendant-Below, Appellant, Eric Lloyd, appeals from the Superior Court's denial of his Motion to Correct an Illegal Sentence. A jury found the defendant guilty of Racketeering, Conspiracy to Commit Racketeering, Conspiracy in the Second Degree to Deal Cocaine, Money Laundering, Conspiracy to Commit Money Laundering, and Attempting to Evade or Defeat Tax. The court merged the Conspiracy to Commit Racketeering conviction into the Racketeering charge. On the Racketeering and Attempting to Evade or Defeat Tax charges, the defendant was

sentenced to 25 years at Supervision Level V and five years at Supervision Level V, respectively, with both Level V sentences to be served pursuant to 11 *Del. C.* § 4204(k). In addition, they are to be served consecutively. The defendant was sentenced to probation on the other charges. The defendant makes four claims on appeal. First, he contends that the Superior Court abused its discretion by imposing a sentence that exceeds the presumptive SENTAC sentence without setting forth on the record its reasons for doing so in violation of 11 *Del. C.* § 4204(n). Second, he contends the Superior Court abused its discretion by applying § 4204(k) without identifying aggravating factors on the record, in the sentencing order, or on the sentencing worksheet. Third, he contends the Superior Court abused its discretion by imposing a sentence in excess of the presumptive range based on false information and information lacking a minimal indicium of reliability. Finally, he contends that the sentence violates the Eighth Amendment to the United States Constitution. For the reasons that follow, we reject the defendant's contentions and affirm.

(2) The facts are discussed in detail in our opinion denying Lloyd's direct appeal.[1] We summarize them here. Lloyd was the leader of a sprawling drug dealing enterprise in Wilmington. Beginning in 2015, enterprise members sold large amounts of cocaine and heroin. Lloyd enlisted members to distribute cocaine

---

[1] *Lloyd v. State*, 249 A.3d 768 (Del. 2021).

on a consignment basis. He concealed illegal drug sale proceeds through the purchase of investment properties, gambling, and sports betting. Lloyd and his co-defendant, Dwayne White, created LLCs to purchase real estate, only to quickly transfer the title to a friend or family member.

(3) In 2005 Lloyd was sentenced in the United States District Court for the District of Delaware to 14 years of imprisonment for conspiracy to possess with intent to distribute more than 500 grams of cocaine, followed by five years of probation. He was released on May 22, 2015. On March 6, 2017, he received a five year probationary sentence after pleading guilty in Philadelphia Court of Common Pleas to the manufacture, delivery or possession with intent to manufacturer or deliver illegal substances. On or about May 4, 2017, he was reincarcerated for violating his federal probation. At that time, he transferred control of the enterprise to White. White expanded the enterprise into heroin sales. Lloyd continued to communicate with members of the enterprise while in prison. At times Lloyd would discuss enterprise business and the challenges of running a large-scale operation. He also continued to manage his investments from prison.

(4) On or about October 16, 2017, a New Castle County grand jury returned a multi-count indictment against Lloyd and thirty-three other defendants in this case.

At trial he was convicted of the offenses identified above.  At sentencing, the trial

judge's comments included the following:

> I did preside over the trial, so I'm familiar with the facts in the case, and to use [Lloyd's counsel's] words, there are a lot of blurring of facts and responsibility and involvement, but the bottom line is that the State prove[d] there is beyond a reasonable doubt one large sprawling – I'll call it dangerous racketeering enterprise.  And I say "dangerous" because so many drugs were involved, and when we speak of victims, who knows who could ever guess how many victims there were of either becoming addicted, of aggravating their addiction, of persons who were addicted [to] committing crimes.  It's just a great big tangled kind of web, these drug operations . . . we're talking not just about crime, but about the business of crime.
>
> *****
>
> You made the choice after serving a 14-year Federal sentence for re-engaging in the drug racketeering business. And as [the prosecutor] pointed out, it preceded your going back into prison for a relatively short Violation of Probation stay.
>
> As the State pointed out in its memorandum, you just tried to do what you could to facilitate this drug business in and out of jail.
>
> *****
>
> What's most concerning to me, and I think concerning to the State, is after you served a lengthy prison sentence in – for a drug charge, you came back, and you made the voluntary decision to reimmerse yourself in the drug

4

world. And I think the State's emphasis, speaking of factors, is lack of amenability to lesser sanctions.

\*\*\*\*\*

Here, a 14-year sentence didn't get that message to you, and if one of the functions of a sentence is to keep the streets of Delaware and elsewhere safe, it's to put behind bars and into jail people who might be likely to re-offend when they get out.

\*\*\*\*\*

[O]ne of the purposes, not the only, of a sentencing is to send a message to the community so that persons in the community may learn that – and find out that this kind of activity is going to lead to a very significant jail sentence.[2]

The judge then imposed the above-described sentences.

(5) In his direct appeal to this Court, Lloyd argued, in part, that his sentence of thirty years of incarceration without the option of early release violated his constitutional protection against cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.[3] This Court rejected his arguments and affirmed his conviction and sentence.[4] On May 3, 2021, Lloyd filed a motion pursuant to Superior Court Rule 35 to correct his sentence averring that his sentence is illegal due to the imposition of § 4204(k) to his racketeering and tax convictions.[5]

---

[2] *Id*. at A86-89.
[3] *Lloyd,* 249 A.3d at 783.
[4] *Id*. at 783-85.
[5] App. to Corr. Opening Br. at A51-92.

On August 11, 2021, the Superior Court issued an order denying Lloyd's motion.[6]

(6) We review the denial of a motion for correction of sentence for abuse of discretion.[7] To the extent the claim involves a question of law, we review the claim *de novo*.[8] However, if a defendant fails to fairly present a claim in the trial court, it is waived on appeal absent a finding of plain error.[9] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[10]

(7) Lloyd challenges the legality of his sentence under Superior Court Rule 35(a), which permits the court to correct an illegal sentence "at any time." "The narrow function of Rule 35 is to permit correction of an illegal sentence, not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence."[11] This Court has held that relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily-authorized limits, violates the Double Jeopardy Clause, "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the

[6] Corr. Opening Br. Ex. A [hereinafter Op.].
[7] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[8] *Id.*
[9] *Dickinson v. State*, 2022 WL 12099, at *2 (Del. Jan. 12, 2022).
[10] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[11] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

judgment of conviction did not authorize."[12]

(8) In the Superior Court, Lloyd presented only one of the claims he presents here, the second one—that the sentencing court "did not comply with SENTAC policy by stating the reason of the imposition of sentences pursuant to 11 *Del. C.* § 4204(k)."[13] Therefore, only his second claim will be reviewed for abuse of discretion. The other three will be reviewed for plain error. However, we will take the four claims in order.

(9) The first claim is that the Superior Court abused its discretion by imposing a sentence that exceeds the presumptive SENTAC sentence without setting forth on the record its reasons for doing so in violation of 11 *Del. C.* § 4204(n). That subsection provides that whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission ("SENTAC"), the "court shall set forth on the record its reasons for imposing such penalty."[14] In this case, the presumptive sentence for Racketeering was two to five years at Supervision Level V. The statutory minimum and maximum were two to 25 years at Levell V.[15] The presumptive sentence for Attempting to Evade or Defeat Tax was up to 12 months at Level II. The statutory range was zero to five years at

---

[12] *Id.*
[13] App. to Corr. Opening Br. at A38.
[14] 11 *Del. C.* § 4204(n).
[15] SENTAC Benchbook 2019 at 38.

Level V.[16]  Lloyd argues that the sentencing court "did not follow the directives imposed by SENTAC and reiterated by this Court as it did not state, with any particularity, what factors it used to give a sentence that was inconsistent"[17] with the presumptive sentences.

(10)  Lloyd's argument is not persuasive.  At sentencing, the court discussed several factors it considered in making its determination, including that Lloyd was involved in a particularly large and dangerous racketeering enterprise, not just crime, but the business of crime, and he re-engaged in a significant drug racketeering business after a 14 year sentence federal sentence.  The 14 year sentence, the court reasoned, was not sufficient to deter Lloyd from voluntarily reimmersing himself in the drug racketeering enterprise.  We have previously noted that "a trial court must explain its reasons for [departing from the presumptive sentence], 'but it is authorized to exceed SENTAC guidelines without making any factual findings beyond those reflected in the jury's verdict.'"[18]  In this case, the sentencing judge sufficiently explained on the record his reasons for departing from the SENTAC guidelines.  There is no plain error.

(11)  Lloyd's second claim is that the Superior Court abused its discretion by failing to identify aggravating factors on the record, in the sentencing order, or in the

---

[16] *Id*. at 63.
[17] Corr. Opening Br. at 8.
[18] *White v. State,* 243 A.3d 381, 412 (Del. Dec. 10, 2020) (quoting *Benge v. State*, 2004 WL 2743431, at *2 (Del. Nov. 12, 2004)).

8

sentencing worksheet, when it applied 11 *Del. C.* § 4204(k) to his sentence. Section 4204(k) allows the sentencing court to require that a Level V sentence "be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence." The use of § 4204(k) is treated as a departure from the presumptive guidelines, and SENTAC and this Court have noted that it should be reserved for appropriate cases, such as ones in which the need for the protection of the public is predominate.[19] Because § 4204(k) is treated as a departure from SENTAC, the court must state on the record its reason for the departure.[20]

(12)  Lloyd argues that the sentencing court erred in applying § 4204(k) because it failed to identify any aggravating factors on the record, in the sentencing order, or on the sentencing worksheet. Lloyd lists 18 aggravating factors enumerated in the SENTAC bench book and argues that because the sentencing court did not specifically name or list any of these aggravating factors, he is left to guess which factors accounted for his "exceptional sentence."[21]  However, nothing in the SENTAC guidelines states that a sentencing judge must assert one of these specific aggravating factors. The guidelines state that these factors "are provided as examples and are not intended to be exclusive reasons for departure."[22]  The court

---

[19] *Id*. at 413-14; SENTAC Benchbook 2019 at 30.
[20] *See White*, 243 A.3d at 414.
[21] Corr. Opening Br. at 15.
[22] SENTAC Benchbook 2019 at 132.

did provide factors on the record that led to its decision. As the Superior Court noted, this Court has already reviewed this sentence on direct appeal, and implicit in our decision on that appeal is that the explanation given by the sentencing court was sufficient to allow us to complete our review.[23] Moreover, the Superior Court did, in fact, include several of the enumerated aggravating factors in its sentencing order, specifically: lack of remorse, undue depreciation of offense, repetitive criminal conduct, custody status at time of offense, and lack of amenability.[24]

(13) Lloyd also seems to argue that the imposition of § 4204(k) makes the sentence "not within the statutory limits prescribed by the legislature."[25] Lloyd argues that because the SENTAC guidelines provide that a Level V offender could be eligible for release after serving 75% of their sentence, Lloyd's inability to qualify for time deduction "means that he will be serving more time than the statutory maximum contemplated by the legislature."[26] This is an incorrect interpretation. This Court has stated that the plain language § 4204(k) allows the sentencing court to "require a sentence to be served day for day."[27] The court is only required to state the reasons for its imposition of § 4204(k). The court gave sufficient reasoning for its imposition of Section 4204(k). The court did not abuse its discretion in imposing

---

[23] Op. at 5-6.
[24] App. to Corr. Opening Br. at A35.
[25] Corr. Opening Br. at 15-16.
[26] *Id*. at 16.
[27] *White*, 243 A.3d at 413.

or explaining a sentence to be served at 11 *Del. C.* § 4204(k).

(14) Lloyd's next argument is that the sentence was based on inaccurate or unreliable information. Lloyd's argument here rests on the assumption that the sentencing court made its decision based on two of the SENTAC enumerated aggravating factors, Repetitive Criminal Conduct, and Lack of Amenability. Lloyd essentially argues that these factors were not applicable in this case because his previous crimes did not meet the definition of "repetitive criminal conduct" provided by SENTAC and his three years out of jail after release from federal prison with only one violation shows an amenability to treatment.

(15) It is not necessary for us to determine whether or not the aggravating factors repetitive criminal conduct and lack of amenability are applicable in this case. As discussed, the enumerated aggravating factors provided by SENTAC are merely examples and suggestions. The sentencing court here explained in detail why it imposed a sentence greater than the presumptive sentence. None of the reasons given by the court were based on any false information or information lacking a minimal indicium of reliability. As the sentencing judge noted at the hearing, he had presided over Lloyd's trial and was deciding based on the facts presented at trial and at the hearing. Moreover, Lloyd does not challenge three other enumerated aggravating factors listed by the judge in the sentencing order: lack of remorse, undue depreciation of the offense, and custody status at the time of the

11

offense. There is no plain error.

(16) Finally, Lloyd contends that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments. On direct appeal, Lloyd argued that "his sentence of thirty years of incarceration without the option of early release violates his constitutional protection against cruel and unusual punishment."[28] Applying the proportionality test articulated in *Crosby v. State*,[29] this Court held: "Given the severity of Lloyd's crimes, a threshold comparison relative to the sentence imposed does not lead to an inference of gross disproportionality."[30] Therefore, this Court has already held that Lloyd's sentence was not a violation of the Eighth Amendment.

(17) Lloyd attempts a slightly different argument here and contends that he "will serve more time than what the General Assembly contemplated to be the maximum penalty of 25 years on the racketeering and the five years on the attempting to evade or defeat tax charge as those maximums included good time, early release etc."[31] As previously discussed, however, just because the imposition of § 4204(k) removes the possibility of an early release, it does not move the sentence outside of the statutory limits. This Court has consistently held that the language of § 4204(k) allows the court to mandate that the sentence be served day

[28] *Lloyd v. State*, 249 A.3d 768, 783 (Del. 2021).
[29] 824 A.2d 894 (Del. 2003).
[30] *Lloyd,* 249 A.3d at 758.
[31] Corr. Opening Br. at 26.

for day.[32]  The sentencing court is required only to state for the record its reasonings for departing from the presumptive sentence, which it did here.  There is no plain error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/  James T. Vaughn, Jr.
Justice

---

[32] *White v. State,* 243 A.3d 381, 413 (Del. Dec. 10, 2020).